IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH SUTHERLAND, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 25-cv-1163 |
| | ) | |
| v. | ) | Hon. Jeffrey I. Cummings |
| | ) | |
| COOK COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons set forth below, plaintiff's application to proceed *in forma pauperis*, (Dckt. #4), is granted in light of his financial status, however, his amended complaint, (Dckt. #8), is dismissed without prejudice. Plaintiff is granted leave to file an amended complaint on or before May 27, 2025 to the extent he can do so consistent with this Order. In light of this Order, plaintiff's motion for judicial review of delayed in forma pauperis determination, (Dckt. #12), is denied as moot. Plaintiff's motion for leave to supplement the record, (Dckt. #14), regarding his "forthcoming motion for summary judgment" is denied without prejudice at this time. The May, 30, 2025 tracking status hearing is stricken and re-set to June 20, 2025 at 9:00 a.m. (to track the case only, no appearance is required).

## STATEMENT

The federal *in forma pauperis* ("IFP") statute, 28 U.S.C. §1915, is designed to ensure indigent litigants meaningful access to the federal courts while simultaneously preventing the filing of frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams,* 490 U.S. 319, 324 (1989). Before authorizing a litigant to proceed IFP, the Court must make two determinations: first, the Court must determine that the litigant is unable to pay the $405 filing fee; and second, the Court must determine that the action is neither frivolous nor malicious, does not fail to state a claim, and does not seek monetary damages against a defendant immune from such relief. 28 U.S.C. §1915(a), (e).

The first determination is made through a review of the litigant's assets as stated in an affidavit submitted to the Court. "To qualify for IFP status, a plaintiff must fully disclose h[is] financial condition, and []he must do so truthfully under penalty of perjury." *Effinger v. Monterrey Sec. Consultants*, 546 F.Supp.3d 715, 717 (N.D.Ill. 2021) (citing 28 U.S.C.§1915(a)(1)). "In order to proceed *in forma pauperis*, a plaintiff's income must be at or near the poverty level." *Barnes v. Reynolds*, No. 20-CV-5796, 2021 WL 4945191, at *2 (N.D.Ill. Feb. 1, 2021).

Here, plaintiff reported in his IFP application, (Dckt. #4), that he is unemployed, has no

income or assets, and is currently homeless.  Based on the information provided, plaintiff is indigent and unable to pay the filing fee.

Notwithstanding this finding of indigency, plaintiff's amended complaint is otherwise deficient.  Again, the Court may accept a complaint if it is non-frivolous, states a claim upon which relief may be granted, and seeks monetary damages against a defendant who is not immune from such damages.  28 U.S.C. §1915(e)(2)(B).  Courts screen complaints in the same manner they review motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).  A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  The short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (cleaned up).  The statement also must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there is "more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  When screening a *pro se* plaintiff's complaint, courts construe the plaintiff's allegations liberally.  *Erickson v. Pardus,* 551 U.S. 89, 94 (2007).  Courts must also "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff['s] favor."  *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

Moreover, it is well-settled that "[f]ederal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction."  *Razzi v. Nimler*, No. 5:14-CV-447-OC-22PRL, 2014 WL 5038337, at *2 (M.D.Fla. Oct. 8, 2014) (citing *Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1279-80 (11th Cir. 2001)).  Indeed, "Federal courts at all levels must assure themselves of their . . . jurisdiction," and "[i]f a court lacks subject-matter jurisdiction, a ruling it issues on the merits is void."  *Chen v. Yellen*, No. 22-2655, 2023 WL 8925038, at *1 (7th Cir. Dec. 27, 2023), *quoting Mathis v. Metro. Life Ins.*, 12 F.4th 658, 663–64 (7th Cir. 2021); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("Court[s] have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."); *see also Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015).

Plaintiff initiated this action by filing a two-page complaint against Cook County, the Cook County State's Attorney's Office, Assistant State's Attorney Karin Travis, "Administrative Supervisor" Sandra L. Crowley, and unknown Court Security Officers.  According to the allegations of plaintiff's original complaint, (Dckt. #1), on December 17, 2024, a judgment was entered against him in the Circuit Court of Cook County without proper notice in violation of his due process rights under the Fourteenth Amendment.[1]  Plaintiff also alleged that he was subjected to an unwarranted search and intimidation by an unknown security officer at the Daley Center on January 28, 2025, in violation of his Fourth Amendment protections against unreasonable searches.

Subsequently, on February 18, 2025, plaintiff filed an amended complaint, (Dckt. #8), without leave of Court in violation of Rule 15.  In his amended complaint, which the Court will

---

[1] Unfortunately, plaintiff has not filed the state court judgment in this matter so the nature of that judgment remains unclear, as does the finality of the state court proceedings.

construe as the operative pleading for purposes of screening, plaintiff named the same defendants and added Cook County Sheriff's Officer "Edwards (first name and badge number unknown)." Plaintiff also added allegations and exhibits to his amended complaint. As far as the Court can glean from those additional allegations and exhibits, plaintiff was a defendant in a parentage and child support case in the Circuit Court of Cook County – Domestic Relations Division. According to plaintiff, he received improper notice of those proceedings, resulting in a judgment being entered against him without due process. He also alleges that on January 28, 2025, Officer Edwards unlawfully took possession of, opened, and searched plaintiff's wallet without probable cause.

In his amended complaint, plaintiff purports to bring claims for fraud, negligent misrepresentation, intentional infliction of emotional distress, economic loss, abuse of process, civil conspiracy, and violation of his Fourth and Fourteenth Amendment rights pursuant to 42 U.S.C. §1983. He seeks (1) compensatory damages for lost income, diminished future earning capacity, expenses "incurred in connection with legal proceedings," and emotional distress; (2) punitive damages; and (3) injunctive relief, including an order barring defendants from relying on fraudulent or false documents in any current or future legal proceedings; and an order requiring defendants to "correct the record" in the state court proceedings and "assist plaintiff in correcting any inaccuracies or derogatory entries in his credit history." (Dckt. #8 at 6-7).

As pled, plaintiff's amended complaint cannot proceed for the following reasons. First, as the Court advised plaintiff in its order denying his emergency motion, (Dckt. #7), to the extent he is asking the Court to overturn the state court's judgment regarding child support obligations – again, the nature and finality of which remains unclear – the *Rooker-Feldman* doctrine bars this Court from doing so even where, as here, plaintiff implies the state court judgment was the result of fraud. *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *Gilbank v. Wood Cnty. Dep't of Hum. Servs.*, 111 F.4th 754, 781 (7th Cir. 2024) ("*Rooker–Feldman* applies even where the federal plaintiff alleges that the state courts that injured her were corrupt.").

Second, "the domestic-relations exception to federal jurisdiction blocks the adjudication of claims that turn on the application of family law" notwithstanding the fact that damages claims for violations of a plaintiff's constitutional rights fall outside the *Rooker-Feldman* doctrine. *See Taylor v. Cir. Ct. of Cook Cnty., Illinois*, No. 24-2132, 2025 WL 601213, at *2 (7th Cir. Feb. 25, 2025) (citing *Gilbank*, 111 F.4th at 792-93). The domestic-relations exception recognizes that "domestic relations disputes have been traditionally left to the state courts, which have more experience in divorce, alimony, and child custody matters and are more closely associated with the state and local government organizations dedicated to handling such issues." *Dillon v. Alan H. Shifrin & Assocs., LLC*, No. 16-CV-05761, 2017 WL 2480706, at *3 (N.D.Ill. June 8, 2017) (cleaned up); *see also Rose v. Rose*, 481 U.S. 619, 625 (1987), *quoting In re Burrus*, 136 U.S. 586, 593-94 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."); *De Sylva v. Ballentine*, 351 U.S. 570, 580 (1956) ("[T]here is no federal law of domestic relations, which is primarily a matter of state concern."). "As interpreted by the Seventh Circuit, a suit [such as this one] seeking 'one or more of the distinctive forms of relief associated with the domestic relations jurisdiction: the granting of a divorce or an annulment, an award of child custody, a decree of alimony or *child support*' falls within the exception's 'core.'" *Dillon*, 2017 WL 2480706, at *3, *quoting Friedlander v. Friedlander*, 149 F.3d 739, 740 (7th

Cir. 1998) (emphasis added). Because plaintiff's claims of constitutional violations during his parentage and child support proceedings "would encroach on the state court's application of family law" the Court lacks jurisdiction over such claims. *Taylor*, 2025 WL 601213, at *2.

Third, plaintiff has sued the Cook County State's Attorney's Office, which is a non-suable entity. *See Reese v. Chi. Police Dep't,* 602 F.Supp. 441, 443 (C.D.Ill. 1984) (noting that the Cook County State's Attorney's Office, does "not enjoy separate legal existence independent of . . . the County of Cook" and thus is not a suable entity). Finally, Assistant State's Attorney Karin A. Travis enjoys absolute immunity from civil suits under §1983 for damages in connection with her work to "in initiat[e] a prosecution and in present[] the State's case." *See Imbler v. Pachman*, 424 U.S. 409, 431 (1976).

For all of these reasons, plaintiff's claims regarding alleged constitutional violations during his state court domestic relations case are dismissed as to all defendants for lack of subject matter jurisdiction and for failure to state a claim.

This leaves only plaintiff's Fourth Amendment claim against Cook County Sheriff's Officer Edwards for the search allegedly performed without probable cause at the Daley Center on January 28, 2025. If plaintiff intends to pursue such a claim against Officer Edwards, he is granted leave to file an amended complaint on or before May 27, 2025, if he believes he can file a second amended complaint that (1) is consistent with this Order; (2) is consistent with Federal Rule of Civil Procedure 11 (which requires that all claims be well-grounded in fact and law); and (3) asserts proper claims over which this Court has jurisdiction. Failure to do so will result in dismissal of this matter without further order. To the extent plaintiff has still not identified the full name of Officer Edwards, he may name Cook County Sheriff Thomas J. Dart as a defendant solely for purposes of assisting in identifying Officer Edwards.

**Date: May 5, 2025**

**Jeffrey I. Cummings**
**United States District Court Judge**

4